UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MIHAI IBANESCU,

      Plaintiff,

   -against-

THE CITY OF NEW YORK, SCOTT LYNSTER,
NELSON PUENTE, and JOHN and JANE DOES,

      Defendants.
------------------------------------------------------------X

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF Case**

**12 CV 3191 (GBD)**

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and by the United States Constitution, including its Fourth and Fourteenth Amendments. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

## JURY TRIAL DEMANDED

3. Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

4.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

5.      Plaintiff MIHAI IBANESCU is a resident of the City and State of New York.

6.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by them.

7.      Defendants LYNSTER, PUENTE, and DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. The aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. The aforenamed defendants are sued in their individual capacities.

## STATEMENT OF RELEVANT FACTS

8. On March 9, 2010, at or about 3:30 p.m., plaintiff MIHAI IBANESCU was operating a yellow medallion taxicab. Plaintiff picked up a passenger at LaGuardia Airport, and was transporting the passenger on the Brooklyn Queens Expressway when plaintiff suffered a stroke.

9. Plaintiff's passenger got out of the taxicab and got into another taxicab, from which the passenger called 911.

10. Defendant police officers LYNSTER, PUENTE, and DOES arrived, pulled plaintiff from his taxicab and threw plaintiff to the ground, striking his head, and worsening his condition.

11. Defendants arrested plaintiff and charged him with Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs, Resisting Arrest, and related charges. Plaintiff had not drunk any alcohol, nor had plaintiff taken any drugs, nor had plaintiff resisted arrest.

12. Plaintiff was transported to the 78th Precinct stationhouse, where he was videotaped as he was physically unable to perform an intoxicated driver breath test.

13. Plaintiff was transported to the Central Booking facility. At Central Booking, emergency medical providers were summoned and plaintiff was transported to Long Island College Hospital, where he was treated for stroke. Plaintiff remained hospitalized at Long Island College Hospital from March 10, 2010, until on or about April 1, 2010. Plaintiff was then transferred to Jamaica Hospital Medical Center, where he remained until on or about April 29, 2010. Plaintiff later received treatment at Mount Sinai Queens Hospital.

14. All criminal charges were dismissed on July 12, 2011.

**FIRST CLAIM**

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

15. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

16. By their conduct and actions in falsely arresting plaintiff IBANESCU, by maliciously prosecuting plaintiff, by fabricating evidence against plaintiff, by using excessive force against plaintiff, by failing to provide medical treatment, and by failing to intercede to prevent the complained of conduct, defendants LYNSTER, PUENTE, and DOES, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

17. As a result of the foregoing, plaintiff was deprived of liberty, suffered serious physical injuries, emotional distress, humiliation, economic loss, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## LIABILITY OF THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

18. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

19. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

20. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants LYNSTER, PUENTE, and DOES.

21. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

22. As a result of the foregoing, plaintiff was deprived of liberty, suffered serious physical injuries, emotional distress, humiliation, economic loss, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### VIOLATION OF AMERICANS WITH DISABILITIES ACT AND SECTION 504

23. Defendants wrongfully arrested plaintiff MIHAI IBANESCU because they misperceived the effects of the stroke he was suffering as criminal activity.

24. THE CITY OF NEW YORK does not have adequate policies in place concerning the assessment and recognition of persons who have suffered a stroke while operating a motor vehicle, and has failed to properly train officers concerning such assessment and recognition. The failure to have adequate policies and training was the cause of damage and injury to plaintiff.

25. Defendants failed to accommodate plaintiff MIHAI IBANESCU by arresting him and using excessive force against him when he was suffering from stroke affecting his behavior,

which was a condition that should have been known to defendants at the time.

26. As a result of the foregoing, plaintiff was deprived of liberty, suffered serious physical injuries, emotional distress, humiliation, economic loss, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiffs demand the following relief jointly and severally against all of the defendants:

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Pre- and post-judgment costs, interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
           June 27, 2012

                                    */s/ Michael L. Spiegel*
                                    MICHAEL L. SPIEGEL, Esq.
                                    111 Broadway, Suite 1305
                                    New York, New York 10006
                                    (212) 587-8558
                                    *Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MIHAI IBANESCU,                                    )
                                                   )
                        Plaintiff,                 )
                                                   )    **AFFIDAVIT OF SERVICE**
             -against-                             )
                                                   )    12 Civ. 3191 (GBD)(JLC)
THE CITY OF NEW YORK, SCOTT LYNSTER,               )
NELSON PUENTE, and JOHN and JANE DOES,             )
                                                   )
                        Defendants.                )
------------------------------------------------------------X

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

    I, Hyung Woo Kim, being duly sworn, depose and say: that I am over eighteen years of age and am employed by Michael L. Spiegel, Esq., with offices located at 111 Broadway, Suite 1305, New York, New York 10006.

    On June 27, 2012, I served a copy of the within amended complaint on:

**Wesley E. Bauman, Esq.**
**Assistant Corporation Counsel**
**New York City Law Department**
**100 Church St.**
**New York, NY 10007**

by delivering a true copy thereof personally to Dmitriy Aronov, Service Window Clerk, a person of suitable age and discretion authorized to accept service for the above person at the above location.

                                                    _____
                                                  Hyung Woo Kim

Sworn to before me this 27th
day of June, 2012

_____
Notary Public

                    MICHAEL L. SPIEGEL
               Notary Public, State of New York
                    No. 02SP5072155
                Qualified in New York County
             Commission Expires Jan. 27, 2015